UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **MICHAEL GUNNER,** ) | Case No. **1:09 CV 1444** |
| ) | |
| Petitioner, ) | Judge Dan Aaron Polster |
| ) | |
| vs. ) | **MEMORANDUM OF OPINION** |
| ) | **AND ORDER** |
| **MARGARET BRADSHAW, Warden,** ) | |
| ) | |
| Respondent. ) | |

Before the Court are: (1) Petitioner's Petition for Writ of Habeas Corpus ("habeas petition"), filed pursuant to 28 U.S.C. §2254; (2) the Magistrate Judge's Report and Recommendation ("R&R") denying the Habeas Petition; and (3) Petitioner's Objections to the Magistrate Judge's R&R ("objections"). For the reasons discussed, *infra*, Petitioner's Objections (**Doc #: 12**) are **OVERRULED**, the Magistrate Judge's R&R (**Doc #: 10**) is **ADOPTED**, and Petitioner's Habeas Petition (**Doc #: 1**) is **DENIED**.

**I.**

Petitioner's habeas petition, filed on June 24, 2009, raises eight grounds for relief: "Denial of Equal Protection of the Law under the 14th Amendment to the United States Constitution" (Ground One); "Denial of Due Process of Law protected under the 5th and 14th Amendments to the United States Constitution when trial court exceeded the remand order of the appellate court" (Ground Two); "Denial of Due Process of Law protected by the 5th and 14th Amendments to the U.S. Constitution when the trial court modified my individual sentences for counts I, III, & V from two years to five years as these sentences were not appealed" (Ground Three); "Denial of Due Process of Law protected by the 5th and 14th Amendments to the U.S.

Constitution when the trial court modified my sentences in counts VII, IX, XI, & XIII which were legal sentences and could not be part of the remand order" (Ground Four); "Denial of Due Process of Law protected by the 5th and 14th Amendments to the U.S. Constitution when the appellate court and trial courts failed to apply the doctrine of res judicata when modifying my original individual sentences which were not cross appealed by the State of Ohio" (Ground Five); "Denial of Due Process of Law protected by the 6th Amendment to the U.S. Constitution due to the ineffective assistance of counsel" (Ground Six); "Denial of Due Process of Law protected by the 5th and 14th Amendments to the U.S. Constitution pursuant to North Carolina v. Pearce, (1931), 282 U.S. 304, when the trial court increased my individual sentences after a successful appeal" (Ground Seven); and "Denial of Due Process of Law protected under the 5th, 6th, and 14th Amendments to the U.S. Constitution when the trial court judge considered facts outside the record or admitted by me when imposing five year prison sentences on each count" (Ground Eight).

On May 7, 2010, the Magistrate Judge issued his R&R denying Petitioner's habeas petition. The Magistrate Judge found that, with the exception of Ground Six, each of Petitioner's grounds for habeas relief were procedurally defaulted. Ground One was procedurally defaulted because it had not been fairly presented as a federal constitutional issue in Petitioner's state appellate brief. Grounds Two through Five were procedurally defaulted because they were essentially state law claims and were not federal constitutional claims raised in state court. Ground Seven (also a Due Process claim) was procedurally defaulted because it was not raised during the state appeals process. Ground Eight was procedurally defaulted because it was not raised as a stand-alone claim, but rather, as a basis for Ground Six, and

therefore was not fairly presented in state court.

As to Ground Six, the Magistrate Judge found that because several incidents Petitioner claimed were ineffective assistance of counsel had not been raised before the state appellate court, these arguments were procedurally defaulted. The Magistrate Judge considered Petitioner's other ineffective assistance of counsel arguments, which had been raised in state court, on the merits. The Magistrate Judge concluded that Petitioner was not prejudiced by three of the instances of alleged ineffective assistance of counsel because counsel's conduct had not impacted the result of the resentencing or subsequent appeal. The Magistrate Judge further concluded that the state court judge did not violate clearly established federal law by determining that the two other incidents raised by Petitioner were not ineffective assistance of counsel. Therefore, Petitioner is not entitled to habeas relief on Ground Six.

On May 24, 2010, Petitioner filed his objections to the Magistrate Judge's R&R. The Court has reviewed Petitioner's objections and hereby rejects them. Petitioner's Ground One Equal Protection claim is procedurally defaulted because Petitioner failed to raise this claim in his direct appeal. Similarly, Grounds Two through Five are also procedurally defaulted because they are not premised on federal constitutional claims Petitioner raised in his state court appeal. Grounds Seven and Eight are procedurally defaulted because Petitioner does not rely upon a legal theory fairly presented in his state court appeal.

Petitioner's Ground Six arguments that counsel was ineffective for failing to object to the trial court's enhancement of his sentence in violation of *North Carolina v. Pearce*, 395 U.S. 711 (1979), and failing to object to Petitioner's perceived judicial vindictiveness were not fairly presented and are procedurally defaulted. Petitioner's Ground Six arguments that

-3-

counsel was ineffective for failing to object to the de novo resentencing hearing, the sentencing court's imposition of maximum sentences, and the sentencing court's use of the sentencing package doctrine are rejected because Petitioner was not prejudiced by the failure to object. Similarly, counsel's failure to object to the prosecution's interpretation of the state appellate court's remand order does not amount to ineffective assistance because: (1) *State v. Foster*, 109 Ohio St. 3d 1 (Ohio 2006), requires a new sentencing hearing; (2) *Foster* permits Petitioner to be sentenced anywhere within the statutory range; and (3) Petitioner's entire sentence was vacated and therefore the remand order was not exceeded. Finally, Petitioner has no basis for his argument that counsel was ineffective for failing to object to the prosecution's statement that Petitioner was grooming another victim.

## II.

For the reasons discussed, *supra*, the Court hereby **OVERRULES** the Objections (**Doc #: 12**), and **ADOPTS** the thorough, well-written R&R (**Doc #: 10**) in its entirety. Petitioner's Petition for Writ of Habeas Corpus (**Doc#: 1**), pursuant to 28 U.S.C. §2254, is therefore **DENIED**.

**IT IS SO ORDERED.**

 */s/ Dan A. Polster     October 25, 2010*
**Dan Aaron Polster**
**United States District Judge**